# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

### No. 00-3716  EMSL

_____

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

ROBERT SMITH,

       Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Missouri
District Court No. 4:00 CR 263 CAS

_____

The Honorable Charles A. Shaw
United States District Judge Presiding

_____

**BRIEF OF DEFENDANT - APPELLANT**

_____

JANIS C. GOOD
Assistant Federal Public Defender

1010 Market Street - Suite 200
St. Louis, Missouri   63101
(314) 241-1255
ATTORNEY FOR DEFENDANT-APPELLANT

## SUMMARY AND REQUEST FOR ORAL ARGUMENT

Appellant Robert Smith appeals from a sentencing decision of the United States District Court for the Eastern District of Missouri, the Honorable Charles A. Shaw, Judge.  Smith had pleaded guilty to charges of Coercion and Enticement of a Minor for Illegal Sexual Activity and Transportation of a Minor for Illegal Sexual Activity under 18 U.S.C. § 2422 (a) and 2423(a).   Pursuant to the Sentencing Reform Act of 1984, the district court sentenced Smith to imprisonment for a term of 16 months followed by supervised release for a term of 3 years.

The district court ordered that during the period of supervised release, Smith

shall be prohibited from contact with children under the age of 18 without the prior written permission of the probation officer and shall report to the probation officer immediately, but in no event later than 24 hours, any unauthorized contact with children under the age of 18; shall not loiter within 100 feet of schools, parks, playgrounds, arcades, or other places frequented by children under the age of 18; shall not possess stimulating or sexually oriented material as deemed inappropriate by the probation officer and/or treatment staff, or patronize any place where such material or entertainment is available; and defendant shall maintain an appropriate appearance at all times which includes the wearing of undergarments and appropriate outer clothing in the home or places where others might be present.

Robert Smith respectfully requests ten minutes for oral argument because this appeal raises important issues regarding the administration of supervised release

i

pursuant to 18 U.S.C. §3583 and the limits of the discretionary authority of the district court to impose conditions not related to the offense or the offender.

Appellate Case: 00-3716    Page: 3    Date Filed: 12/29/2000 Entry ID: 1345252

# **TABLE OF CONTENTS**

**PAGE(S)**

SUMMARY AND REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE

      I.     Nature of the Case, Course of Proceedings, and
            Disposition in the Court Below . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      II.    Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT

      I.  THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT
      IMPOSED CONDITIONS OF SUPERVISED RELEASE THAT BEAR
      NO REASONABLE    RELATIONSHIP TO THE OFFENSE,
      REHABILITATION, OR THE PROTECTION OF THE PUBLIC . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

PROOF OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

iii

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

ADDENDUM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Appellate Case: 00-3716    Page: 5    Date Filed: 12/29/2000 Entry ID: 1345252

# <u>TABLE OF AUTHORITIES</u>

**<u>PAGE(S)</u>**

## <u>CASES CITED</u>

<u>United States v. Bass,</u> 121 F.3d 1218 (8th Cir. 1997) . . . . . . . . . . . . . . . . . . . . 10

<u>United States v. Cooper,</u> 171 F.3d 582 (8th Cir. 1999) . . . . . . . . . . . . . . . . . . . . 6

<u>United States v. Kent,</u> 209 F.3d 1073 (8th Cir. 2000) . . . . . . . . . . . . . . . . . . . vi, 7

<u>United States v. Prendergast,</u> 979 F.2d 1289 (8th Cir. 1992) . . . . . . . . . . . . . . vi, 7

<u>United States v. Smith,</u> 972 F.2d 960 (8th Cir. 1992) . . . . . . . . . . . . . . . . vi, 7, 10

## <u>STATUTES CITED</u>

18 U.S.C. §2422(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i, v, 1

18 U.S.C. §2423(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i, v, 1

18 U.S.C. §3343 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. §3483 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. §3583 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

18 U.S.C. §3583(a)(1), (2)(A)-(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. §3583(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. §1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Appellate Case: 00-3716    Page: 6    Date Filed: 12/29/2000 Entry ID: 1345252

# JURISDICTIONAL STATEMENT

This case is an appeal from the judgment and sentence entered by the Honorable Charles A. Shaw, Eastern District of Missouri on October 26, 2000.

Appellant was convicted of Coercion and Enticement of a Minor for Illegal Sexual Activity and Transportation of a Minor for Illegal Sexual Activity in violation of 18 U.S.C. §2422(a) and 2423(a).

On, November 6, 2000, a Notice of Appeal was timely filed.

To Appellant's knowledge, none of the proceedings below have been reported.

Jurisdiction of the district court was invoked under the criminal laws of the United States, specifically 18 U.S.C. §§ 2242(a) and 2423(a). Appellant invokes this Court's jurisdiction pursuant to 28 U.S.C. §1291.

Appellate Case: 00-3716    Page: 7    Date Filed: 12/29/2000 Entry ID: 1345252

# STATEMENT OF THE ISSUE

I.    THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT IMPOSED CONDITIONS OF SUPERVISED RELEASE THAT BEAR NO REASONABLE RELATIONSHIP TO THE OFFENSE, REHABILITATION, OR THE PROTECTION OF THE PUBLIC .

United States v. Prendergast, 979 F.2d 1289 (8th Cir. 1992)

United States v. Smith, 972 F.2d 960 (8th Cir. 1992)

United States v. Kent, 209 F.3d 1073 (8th Cir. 2000)

Appellate Case: 00-3716    Page: 8    Date Filed: 12/29/2000 Entry ID: 1345252

# STATEMENT OF THE CASE

The United States charged Appellant Robert Smith with violations of 18 U.S.C. §2422(a) and 2423(a). On July 27, 2000, Smith entered a plea of guilty to counts one and two of the Indictment. The district court set sentencing for October 26, 2000.

On October 26, 2000, the district court sentenced Smith to a term of imprisonment for sixteen (16) months to be followed by a three (3) year term of supervised release. (Appendix A). In addition to the standard conditions of supervised release, the district court imposed twelve (12) special conditions. The Court ordered that

> 1. The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
> 2. The defendant shall participate, as directed by the probation officer, in a drug and alcohol abuse treatment program which may include substance abuse testing, counseling, residence in a Community Corrections Center, residence in a Comprehensive Sanctions Center, or in-patient treatment in a treatment center or hospital.
> 3. The defendant shall participate in a mental health program as instructed by the U.S. Probation Office.
> 4. The defendant shall comply with all federal, state, and local sex offender registration laws and provide verification of registration to the probation officer.
> 5. The defendant shall participate in sex offender and/or mental health treatment as directed by the probation officer including submission to a risk assessment and psychological testing. The defendant shall contribute to the cost of treatment in an amount to be determined by the probation officer. Sex

1

offender assessment treatment is to be conducted by a therapist approved in advance by the probation office.

      6.  The defendant shall be prohibited from contact with children under the age of 18 without the prior written permission of the probation officer and shall report to the probation officer immediately, but in no event later than 24 hours, any unauthorized contact with children under the age of 18.

      7.  The defendant shall be prohibited from engaging in any occupation, business, or profession where he has access to children under the age of 18 without the prior written approval of the probation officer.

      8.  The defendant shall not loiter within 100 feet of schools, parks, playgrounds, arcades, or other places frequented by children under the age of 18.

      9.  The defendant shall not possess stimulating or sexually oriented material as deemed inappropriate by the probation officer and/or treatment staff, or patronize any place where such material or entertainment is available.

      10.  The defendant shall maintain an appropriate appearance at all times which includes the wearing of undergarments and appropriate outer clothing in the home or places where others might be present.

      11.  The defendant shall not enter the premises or loiter near where the victim(s) resides, is employed or frequents except under circumstances approved in advance and in writing by the probation officer.

      12.  The defendant shall not subscribe to or use any Internet service without first receiving written permission of the probation officer.

(Appendix A at 4, Sentencing Transcript at 7-10).  Appellant challenges special conditions  6,7,8, 9, and 10, and the district court's authority to impose them which is the subject of this appeal.

      Appellant timely filed his notice of appeal from this sentence to this Court.

## B.  <u>Statement of Facts</u>

      On April 1, 2000, Robert Smith met a person who he thought to be a 21 year old female, (hereinafter referred to as JKM), in an Internet chatroom on America On

2

Line. (Transcript at 7). Through e-mail correspondence Appellant Smith and JKM developed a relationship. On May 8, 2000, Appellant Smith and JKM made plans to meet each other. At that time, Appellant Smith learned that JKM was 14 years old. On May 19, 2000, Appellant traveled by airplane from St. Louis, Missouri to Spokane, Washington. On May 20, 2000, JKM and Appellant returned to St. Louis, Missouri.

On May 23, 2000, Breckenridge Hills Police officers went to Appellant's apartment. JKM answered the door and was taken into custody. While in custody JKM stated to police that Appellant had brought her to Missouri from Washington . JKM stated that Appellant knew her age. She also stated that they intended to have sex and did in fact have sex. Appellant Smith was arrested later that day. Mr. Smith made a tape recorded statement and a written statement. Mr. Smith also admitted that he knew JKM's age and that he had traveled to Washington to pick her up and bring her back to St. Louis.

On July 27, 2000, Mr. Smith pled guilty to Counts 1 and 2 of the indictment. Appellant Smith pled to Coercion and Enticement of a Minor for Illegal Sexual Activity and Transportation of a Minor for Illegal Sexual Activity.

At the time of sentencing before pronouncing the sentence the district court stated:

3

Very well. You know, it's interesting in terms of this case in terms of the guideline provisions here relative to your case. And it makes me, you talk about victims and here you got some of these drug cases and we're told they are victimless. But here we have a victim that's a minor. And it would be substantially greater if you were involved with drugs. But in any event, the guidelines don't necessarily call for a lot of time. **And perhaps in your situation it's not so much the time but it's psychiatric treatment that will help you reform your conduct.**

(Sentencing Transcript at 7, Emphasis Added). The district court made no other

explanations or reasons for imposition of any of the special conditions.

4

# SUMMARY OF ARGUMENT

Although a sentencing court has discretion in imposing conditions of supervised release they must be justified by the court and the evidence. The conditions must be reasonably related to the offense and the characteristics and history of the defendant. The conditions must involve no greater deprivation of liberty than necessary to accomplish the purposes of rehabilitation, deterrence, and protection of the public. These conditions therefore must be fine tuned to fit the facts in the particular case.

In this case, the district court without stating any justification imposed five conditions of supervised release that do not reasonably relate to either the offense or Mr. Smith's history. These conditions are not "fine tuned" and unnecessarily restrict Mr. Smith's freedom. Therefore, the district court abused its discretion when imposing the conditions of supervised release.

Appellate Case: 00-3716     Page: 13     Date Filed: 12/29/2000 Entry ID: 1345252

## **STANDARD OF REVIEW**

A defendant who seeks to overturn a condition of supervised release must establish that the court acted outside its discretionary authority in imposing the condition.  As a matter committed to the discretion of the court, the imposition of such a condition is reviewable only to determine whether the trial court abused its discretion.  United States v. Cooper, 171 F.3d 582, 585 (8th Cir. 1999).

Appellate Case: 00-3716     Page: 14     Date Filed: 12/29/2000 Entry ID: 1345252

# ARGUMENT

## I. THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT IMPOSED CONDITIONS OF SUPERVISED RELEASE THAT BEAR NO REASONABLE RELATIONSHIP TO THE OFFENSE, REHABILITATION OR THE PROTECTION OF THE PUBLIC.

The limits of a court's discretion to impose conditions of supervised release are rooted in statutes and in the well recognized goals of rehabilitating the defendant and protecting the public. See 18 U.S.C. §§ 3343, 3483. While courts are afforded wide discretion in setting conditions, the conditions imposed must bear a reasonable relationship to the nature and circumstances of the offense, the history and characteristics of the defendant and the protection of the public from further crimes of the defendant. United States v. Kent, 209 F.3d 1073, 1075-6 (8th Cir. 2000) (citing 18 U.S.C. §3583(a)(1), (2)(A)-(D). Moreover, the condition must involve "no greater deprivation of liberty than is reasonably necessary" to accomplish the purposes of supervised release. United States v. Prendergast, 979 F.2d 1289, 1293 (8th Cir. 1992) (quoting 18 U.S.C. §3583(d)(2)).

No discretionary condition of supervised release is presumed to be valid. Each must be measured on a case by case basis against the reasonable relationship standard. Where a condition restricts fundamental rights, it should be "especially fine tuned," and "subject to careful review." United States v. Prendergast at 1293. The test for

7

determining the validity of a special condition is "whether it fosters rehabilitation of the defendant and protection of the public." United States v. Smith, 972 F.2d 960, 961 (8th Cir. 1992).

The conditions imposed here, namely that Appellant can have no contact with anyone under the age of 18, that he not be allowed near any schools, parks, playground, or other places frequented by children under the age of 18, that he not possess stimulating or sexually oriented material or patronize anyplace where such items are available, and that he maintain an appropriate appearance at all times including wearing undergarments and outer clothing in his home and other places where others are present, are not logically related to Appellant's crime or the goals of rehabilitation or protection. In fact, the district court made no statements as to why these conditions were appropriate in this case or that they addressed issues that contributed to the offense. Rather the district court's only statement regarding his sentence and the conditions of supervised release was that psychiatric help may assist Mr. Smith in his rehabilitation. (Sentencing Transcript at 7).

The conduct in this case involved a mentally ill man beginning a relationship with a person he believed to be 21 years old via the Internet. He traveled to Washington and picked her up and returned to St. Louis despite learning the fact that she was only 14 years old. These facts support the court's imposition of the special conditions of

8

mental health treatment, avoidance of JKM, and no Internet service. There was no evidence indicating that Smith is a threat to all children or that he would prey upon children at either parks or schools or other locations. There is also no evidence that Smith has ever "flashed" or otherwise exposed himself to anyone. Furthermore, there is no evidence that Mr. Smith has ever had any other inappropriate contact with any other child under the age of 18. Indeed, prior to this offense, Mr. Smith had never been arrested.

This case involved a lonely mentally ill man who prior to this case had never been arrested before. Mr. Smith attempted to escape his problems by talking to others in Internet chatrooms. Distraught over the break up of his marriage he formed an unnaturally strong attachment with a woman he thought was 21 years of age. In the midst of this relationship he learned that she was only 14 years old. Despite this information, they continued with their plans to run away together. As the district court recognized , Mr. Smith's psychiatric problems precipitated these actions and his failure to end the relationship when he learned of JKM's true age.

While some of the conditions imposed by the district court do address the nature of this case and are aimed at rehabilitation and protection of society from the known risks created by Mr. Smith, many do not. The conditions which prohibit any contact with any children and the limitations of Mr. Smith's freedom to go to parks

9

or other places where children may be present, the limitation on possession of stimulating or sexually oriented material and a ban on going to any place where such material or entertainment is available and that Mr. Smith must be appropriately attired at all times are not reasonably related to the goals of rehabilitation and protection in this case. These conditions "inflict 'a greater deprivation of liberty than is reasonably necessary' to effectuate the goals of Congress and the Sentencing Commission." United States v. Bass, 121 F.3d 1218, 1223 (8th Cir. 1997). The district court failed to "fine tune" the conditions of supervision so as to provide just punishment, reflect the seriousness of the offense and effectively promote respect for the law without infringing on any basic rights. United States v. Smith, 972 F.2d at 961. Therefore the district court abused its discretion when it imposed these conditions of supervised release without linking the conditions to the facts of the case, the characteristics of Mr. Smith or his history.

Appellate Case: 00-3716     Page: 18     Date Filed: 12/29/2000 Entry ID: 1345252

## CONCLUSION

WHEREFORE, for the reasons stated above, this judgment should be reversed and the case remanded to the district court with instructions to enter an amended judgment deleting the questioned conditions of supervised release.

Respectfully submitted,

_____

JANIS C. GOOD
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri  63101
(314) 241-1255

ATTORNEY FOR DEFENDANT-APPELLANT

## PROOF OF SERVICE

The undersigned attorney hereby certifies that she has caused a true and correct copy of the foregoing to be served upon Donald G. Wilkerson, Assistant United States Attorney for the Eastern District of Missouri, 1114 Market Street, Fourth Floor, St. Louis, Missouri 63101 by hand-delivery this 29th day of December, 2000.

_____

JANIS C. GOOD

Appellate Case: 00-3716     Page: 19     Date Filed: 12/29/2000 Entry ID: 1345252

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(a)(7)(b), the undersigned hereby certifies that this Brief complies with the type-volume limitation.  The number of words contained in this Brief, typed in WordPerfect 6.1, is 2,993.

_____

JANIS C. GOOD

## <u>CERTIFICATION</u>

The undersigned hereby certifies that the diskette submitted herewith has been scanned for viruses and that it is virus-free.

_____

JANIS C. GOOD

Appellate Case: 00-3716    Page: 20    Date Filed: 12/29/2000 Entry ID: 1345252

**A P P E N D I X**

13